2026 Tex. Bus. 31



The Business Court of Texas,
Eleventh Division

| | | |
|---|---|---|
| UNIMACTS GLOBAL, LLC, ZETWERK MANUFACTURING US INC., and ZETWERK MANUFACTURING BUSINESS PRIVATE LIMITED, | § § § § § § | |
| *Plaintiffs*, | § § | Cause No. 25-BC11A-0083 |
| v. | § § | |
| AYR ENERGY INC., | § § | |
| *Defendant*. | | |

---

## MEMORANDUM OPINION AND ORDER

---

¶1     Before the court is (1) Defendant's Rule 91a Motion to Dismiss filed December 23, 2025, (2) Plaintiffs' Response to Defendant's Rule 91a Motion to Dismiss filed April 9, 2026, and (3) Defendant's Reply in Support of its Rule 91a Motion to Dismiss filed April 16, 2026. The court held a hearing on the issue of Defendant's Rule 91a motion to dismiss on April 28, 2026.

¶2     Defendant seeks dismissal of Plaintiff's case under Rule 91a based on two grounds (1) Plaintiffs' claims are preempted by the Texas Uniform Trade Secrets Act

("TUTSA"), TEX. CIV. PRAC. & REM. CODE §134A.007, and (2) Plaintiffs failed to plead sufficient facts to show Defendant was aware of any breach of fiduciary duty.

¶3    Texas Rule of Civil Procedure 91a provides:

[A] party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. A cause of action has no basis in law or fact if the allegations, if taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded.

TEX. R. CIV. P. 91(a).

¶4    In their 91a Motion to Dismiss, Defendant first argues Plaintiffs' claim for knowing participation in a breach of fiduciary duty is premised on the same facts as the alleged misappropriation of Plaintiffs' trade secrets and is therefore preempted by TUTSA.

¶5    The Texas Uniform Trade Secrets Act defines trade secrets as any information that "the owner of the trade secret has taken reasonable measures under the circumstances to keep the information secret" and which derives independent economic value from not being known or readily ascertainable by those who could benefit economically from its "disclosure or use of the information." TEX. CIV. PRAC. & REM. CODE §134A.002(6).

¶6    The language of the preemption provision in TUTSA indicates it was created with the intent "[t]o prevent inconsistent theories of relief for the same underlying harm by eliminating alternative theories of common law recovery which are premised on the misappropriation of a trade secret." *Super Starr Int'l, LLC v. Fresh Tex Produce, LLC*, 531

S.W.3d 829, 843 (Tex. App. —Corpus Christi 2017, no pet.) (citing *Smithfield Ham & Prod. Co. v. Portion Pac, Inc.*, 905 F.Supp. 346, 348 (E.D. Va. 1995). "In other words, TUTSA 'preempts claims that rely on the same facts as a trade-secret-misappropriation claim...'" *Trinseo Eur. GmbH v. Kellogg Brown & Root, L.L.C.*, 165 F.4th 399, 422 (5th Cir. 2026) (quoting *Coe v. DNOW LP*, 718 S.W.3d 338, 353 (Tex. App.—Houston (14th Dist.) 2025, pet. filed). Thus, "if proof of some other theory of liability would also prove misappropriation of a trade secret, then the claim is preempted." *Coe*, 718 S.W.3d at 353. If, however, other theories of liability would prove not to be misappropriation of a trade secret, it would stand to reason that those claims would not be preempted.

¶7  Under TUTSA, preemption of trade secrets does not affect certain remedies, including "other civil remedies that are not based upon misappropriation of a trade secret." TEX. CIV. PRAC. & REM. CODE § 134A.007(b)(2). Specifically, TUTSA does not bar a breach-of-fiduciary-duty claim based on the theft of confidential information that was not a trade secret. *See Coe*, 718 S.W.3d at 369. TUTSA is not preempted when employees breach their duties by acting in their own interest and directly creating a separate competitive business while still working for their employer. *See ScaleFactor, Inc. v. Process Pro Consulting, LLC*, 394 F. Supp.3d 680, 686 (W.D. Tex. 2019).

¶8  Plaintiffs' claims encompass more than misappropriation of trade secrets. Plaintiffs allege Defendant Ayr Energy, Inc.'s ("Ayr") officers and employees knowingly breached fiduciary duties owed to Plaintiffs by soliciting customers and investors on behalf of Ayr (a competing entity) while still employed by Plaintiffs. Plaintiffs further allege certain employees used Plaintiffs' resources and IT infrastructure – including company

devices, company email accounts, and Microsoft Teams accounts – to benefit Ayr while still employed by Plaintiffs. Specifically, Plaintiffs allege the use of company resources to develop and promote a competing business during the course of their employment.

¶9     These specific allegations concern conduct independent of the alleged unauthorized use of confidential information or misappropriation of trade secrets. Accordingly, to the extent Plaintiffs' breach-of-fiduciary-duty and knowing-participation claims are based on conduct independent of any alleged trade-secret-misappropriation, those claims are not preempted by TUTSA.

¶10     While TUTSA clearly preempts theories of liability that would also prove misappropriation of trade secrets, it does not preempt theories of liability that are not based on the same facts as the misappropriation of trade secrets claim. *See Coe*, 718 S.W.3d at 353. In this case, any claim for breach of fiduciary duty based on the taking of trade secrets is preempted by TUTSA. However, Plaintiffs' pleaded allegations extend beyond the alleged misappropriation of trade secrets and include allegations that Defendant used Plaintiffs' resources to benefit a competing corporate entity.

¶11     Plaintiffs' claim of breach of fiduciary duty is an allegation to be determined based on the facts presented at trial. If Plaintiffs' allegations as pleaded are found to be supported by facts asserted, then a reasonable person could reach a decision based on the law and facts. Taking those allegations as true, as Rule 91a requires, the court cannot conclude the challenged cause of action has no basis in law or fact.

¶12     Defendant separately argues that Plaintiffs fail to adequately plead the "knowledge" element of their knowing-participation claim. Under Texas law, a knowing-

participation claim requires allegations that the defendant was aware of its participation in a third party's breach of fiduciary duty. *See Lara v. Streamline Ins. Servs., LLC*, No. 03-19-00474-CV, 2020 WL 7776080, at *6 (Tex. App. —Austin Dec. 31, 2020, no pet.). Defendant argues that Plaintiffs rely on imputed knowledge, meaning the knowledge of Ayr's agents, to establish Ayr's knowledge and awareness of the alleged fiduciary duties. Defendant relies on *DeYoung* to argue that imputed knowledge is insufficient as a matter of law. *DeYoung v. Beirne, Maynard, & Parsons, L.L.P.*, No. 01-13-00365-CV, 2014 WL 1058201, at *6 (Tex. App. —Houston [1ˢᵗ Dist.] Mar. 18, 2014, no pet.).

¶13    However, that case addresses different circumstances in which an agent acted outside the course and scope of the agent's authority, such that the agent's authority could not be imputed on the principal. *Id.* That limitation does not control in this case, because Plaintiffs expressly allege Ayr's agents acted on Ayr's behalf in furtherance of Ayr's business. *See Id.* (quoting *Minyard Food Stores, Inc. v. Goodman*, 80 S.W.3d 573, 577 (Tex. 2002) ("The general rule is that an employer is liable for its employee's torts only when the tortious act falls within the scope of the employee's general authority in furtherance of the employer's business.").

¶14    Under Texas law, a corporation necessarily acts and acquires knowledge through its agents. *See Kinzbach Tool Co. v. Corbett-Wallace Corp.*, 138 Tex. 565, 160 S.W.2d 509, 514 (1942). Accordingly, an agent's knowledge acquired within the scope of the agent's authority is imputed on the principal. *Grant Thornton LLP v. Prospect High Income Fund*, 314 S.W.3d 913, 924 (Tex. 2010) ("[A]n agent's knowledge is generally imputed to its principal."); RESTATEMENT (THIRD) OF AGENCY (2006) § 5.03 cmt. B

("If an agent has actual knowledge of a fact, the principal is charged with the legal consequences of having actual knowledge of the fact.").

¶15    In the present case, Plaintiffs allege that former employees Edla, Stuckey, and Tulshan acted on behalf of Ayr when they solicited customers, sought investors, and used Plaintiffs' resources to establish Ayr's competing business. Taking those allegations as true, Defendant may be charged with the knowledge its agents acquired while conducting Defendant's business. Plaintiffs, therefore, adequately pled the knowledge element of their knowing-participation claim.

¶16    Plaintiffs' claims are supported by allegations that extend beyond the alleged misappropriation of trade secrets, and therefore, are not wholly preempted by TUTSA. Further, Plaintiffs adequately pled the knowledge element of their knowing-participation claim by alleging that Defendant's agents acted on Defendant's behalf.

¶17    Taking Plaintiffs' allegations as true, the court cannot conclude Plaintiffs' cause of action has no basis in law or fact. Defendants' 91a Motion to Dismiss this cause of action based on no basis in law or fact is therefore DENIED. It is so Ordered that Defendants' 91a Motion to Dismiss is Denied.

SO ORDERED.

MARIALYN BARNARD
Judge of the Texas Business Court

SIGNED ON: May 20, 2025

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 115161233
Filing Code Description: No Fee Documents
Filing Description: Memorandum Opinion and Order
Status as of 5/20/2026 4:00 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Craig Smyser | 18777575 | csmyser@steptoe.com | 5/20/2026 3:50:20 PM | SENT |
| Andrew K. Meade | | ameade@mnbllp.com | 5/20/2026 3:50:20 PM | SENT |
| Leann Pinkerton | | lpinkerton@mnbllp.com | 5/20/2026 3:50:20 PM | SENT |
| Drew Padley | 24111325 | dpadley@steptoe.com | 5/20/2026 3:50:20 PM | SENT |
| Samuel Haren | | sharen@mnbllp.com | 5/20/2026 3:50:20 PM | SENT |
| Karima Maloney | | kmaloney@steptoe.com | 5/20/2026 3:50:20 PM | SENT |
| Edwynna Adams | | eadams@steptoe.com | 5/20/2026 3:50:20 PM | SENT |
| Heather Padron | | hpadron@steptoe.com | 5/20/2026 3:50:20 PM | SENT |
| Brent Hanson | | bhanson@steptoe.com | 5/20/2026 3:50:20 PM | SENT |
| Paul Stancil | 797488 | pstancil@steptoe.com | 5/20/2026 3:50:20 PM | ERROR |
| Christine Sama | | CSama@goodwinlaw.com | 5/20/2026 3:50:20 PM | SENT |
| Huiya Wu | | hwu@goodwinlaw.com | 5/20/2026 3:50:20 PM | SENT |
| David Isaak | | disaak@steptoe.com | 5/20/2026 3:50:20 PM | SENT |
| Linda Casas | | lcasas@steptoe.com | 5/20/2026 3:50:20 PM | SENT |